## Page 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CULBREATH ISLES PROPERTY
OWNERS ASSOCIATION, INC.,
ORLINE M. SIDMAN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
PHYLLIS ANN KIRKWOOD; AND
FLORIDA POLICY HOLDERS, LLC,

    Plaintiffs,

vs.          Case No.: 8:12-cv-02929-RAL-EAJ

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
    Defendant.
                     /

DEPOSITION OF:    BENNETT C. LOFARO, ESQUIRE
DATE:          September 10, 2013
TIME:          2:50 p.m. to 5:20 p.m.
PLACE:        Litchfield Cavo, LLP
               5201 West Kennedy Boulevard
               Suite 450
               Tampa, Florida

PURSUANT TO:     Notice by counsel for Plaintiff,
               Culbreath Isles Property Owners,
               Association, Inc., for purposes
               of discovery, use at trial or such
               other purposes as are permitted
               under the Florida Rules of Civil
               Procedure

REPORTED BY:     Jacquelyn DeCicco
               Notary Public
               State of Florida at Large

               Pages 1 - 116

## Page 2

1  APPEARANCES:
2    JAMES J. WIMSATT, ESQUIRE
      Bush Graziano Rice & Platter, P.A.
3    101 East Kennedy Boulevard, Suite 1700
      Tampa, Florida 33602
4    Appeared for Plaintiff, Culbreath Isles Property
      Owners Association, Inc.
5
    MARK P. BUELL, ESQUIRE
6    Buell & Elligett, P.A.
      3003 West Azeele Street, Suite 100
7    Tampa, Florida 33609
      Appeared for Plaintiff, Estate of Phyllis Ann
8    Kirkwood
9    GEORGE A. VAKA, ESQUIRE
      Vaka Law Group, P.L.
10   One Harbour Place
      777 South Harbour Island Boulevard
11  Suite 300
      Tampa, Florida 33602
12    Appeared for Plaintiff, Florida Policy Holders, LLC
13  ANDREW V. TRAMONT, Jr., ESQUIRE
      Rodriquez Tramont Guerra & Nunez, P.A.
14  255 Alhambra Circle, Suite 1150
      Coral Gables, Florida 33134
15    Appeared for Defendant, Travelers Casualty and
      Surety Company of America
16
          INDEX
17

18  DIRECT EXAMINATION BY MR. WIMSATT    Page 6
19  CROSS-EXAMINATION BY MR. VAKA    Page 76
20  CROSS-EXAMINATION BY MR. BUELL    Page 89
21  CROSS-EXAMINATION BY MR. TRAMONT    Page 106
22  CERTIFICATE OF OATH    Page 114
23  CERTIFICATE OF REPORTER    Page 115
24  ERRATA SHEET    Page 116
25

## Page 3

1          E X H I B I T S

2  Plaintiff's Exhibit No. 1    Page 15
    (Amended Notice of Taking Deposition
3  Duces Tecum)
4  Plaintiff's Exhibit No. 2    Page 16
    (Letter to various insurance agents
5  from Atty. Friscia)
6  Plaintiff's Exhibit No. 3    Page 18
    (E-mail to Ms. Morin from Ms. Carpenter)
7
    Plaintiff's Exhibit No. 4    Page 18
8    (Letter to Ms. Morin from Mr. Cavo)
9  Plaintiff's Exhibit No. 5    Page 19
    (E-mail to Ms. Kovacic from Atty. Bennett)
10
    Plaintiff's Exhibit No. 6    Page 20
11    (E-mail to Mr. Chibani from Atty. Lofaro)
12  Plaintiff's Exhibit No. 7    Page 22
    (E-mail to Ms. Morin from Atty. Lofaro)
13
    Plaintiff's Exhibit No. 8    Page 22
14    (E-mail to Ms. Morin from Atty. Lofaro)
15  Plaintiff's Exhibit No. 9    Page 24
    (E-mail to Ms. Carpenter from Ms. Morin)
16
    Plaintiff's Exhibit No. 10    Page 25
17    (Letter to Atty. Cavo from Ms. Morin)
18  Plaintiff's Exhibit No. 11    Page 26
    (Letter to Culbreath Isles from Ms. Morin)
19
    Plaintiff's Exhibit No. 12    Page 27
20    (E-mail to Atty. Lofaro from Ms. Morin)
21  Plaintiff's Exhibit No. 13    Page 28
    (E-mail to Ms. Morin from Atty. Lofaro)
22
    Plaintiff's Exhibit No. 14    Page 30
23    (Travelers Bond)
24  Plaintiff's Exhibit No. 15    Page 33
    (E-mail to Atty. Friscia from Ms. Kovacic)
25

## Page 4

1          E X H I B I T S

2  Plaintiff's Exhibit No. 16    Page 35
    (Letter to Ms. Kovacic from Atty. Friscia)
3
    Plaintiff's Exhibit No. 17    Page 35
4    (Letter to Atty. Lofaro from Atty. Buell)
5  Plaintiff's Exhibit No. 18    Page 37
    (Order Granting Motion to Consolidate)
6
    Plaintiff's Exhibit No. 19    Page 37
7    (E-mail to Ms. Morin from Atty. Lofaro)
8  Plaintiff's Exhibit No. 20    Page 39
    (E-mail to Ms. Morin from Atty. Lofaro)
9
    Plaintiff's Exhibit No. 21    Page 40
10    (E-mail to Ms. Morin from Atty. Lofaro)
11  Plaintiff's Exhibit No. 22    Page 43
    (E-mail to Ms. Morin from Atty. Lofaro)
12
    Plaintiff's Exhibit No. 23    Page 45
13    (Letter to Ms. Morin from Atty. Friscia)
14  Plaintiff's Exhibit Mo. 24    Page 46
    (E-mail to Atty. Lofaro from Ms. Morin)
15
    Plaintiff's Exhibit No. 25    Page 49
16    (E-mail to Ms. Morin from Atty. Lofaro)
17  Plaintiff's Exhibit No. 26    Page 50
    (E-mail to Ms. Morin from Atty. Lofaro)
18
    Plaintiff's Exhibit No. 27    Page 51
19    (E-mail to Atty. Lofaro from Ms. Morin)
20  Plaintiff's Exhibit No. 28    Page 54
    (E-mail to Ms. Morin from Atty. Lofaro)
21
    Plaintiff's Exhibit No. 29    Page 56
22    (E-mail to Ms. Morin from Atty. Lofaro)
23  Plaintiff's Exhibit No. 30    Page 58
    (E-mail to Ms. Morin from Atty. Lofaro)
24
    Plaintiff's Exhibit No. 31    Page 60
25    (E-mail to Atty. Tramont from Atty. Lofaro)

Plaintiff, Culbreath Isles' Opposition to Defendant Travelers' MSJ_ Exhibit_13

## Page 21

1  me know.
2       Do you recall having a conversation with
3  Mr. Chibani?
4       A.  I recall speaking with him at one point in time.
5  I guess he was just kind of questioning why it was me as
6  opposed to Mr. Friscia who would be continuing to handle
7  the counterclaim.
8       Q.  Do you recall what you explained to him?
9       A.  I don't recall specifically what I said to him.
10      Q.  Do you recall if at any time you got anything in
11 writing with Mr. Chibani or anybody else at Culbreath Isles
12 agreeing to your representation of them in this matter?
13      A.  To the best of my recollection, I received a
14 Substitution of Attorney Form that Mr. Chibani had signed
15 authorizing us to appear or to substitute in place of
16 Mr. Friscia.
17      Q.  And did you provide him with any Insured Client's
18 Statement of Rights or --
19      A.  That would be my general practice to do that. I
20 don't know whether I did or did not in this case.
21      Q.  But if you did do so, it would probably be
22 contained in your file that you're going to provide us a
23 copy of?
24      A.  Yes.
25      MR. WIMSATT: We'll mark as Exhibit 7.

## Page 22

1       (Plaintiff's Exhibit No. 7 marked for
2       identification.)
3       Q.  (By Mr. Wimsatt)  Just describe generally what it
4  is to me for the record, please.
5       A.  This appears to be my initial report to Melissa
6  Morin at Travelers advising her what I would be doing on
7  the case at the outset.
8       Q.  That's dated July 29th, 2009; is that correct?
9       A.  It is.
10      Q.  And in that you advise that a Motion to Dismiss
11 the counterclaim has been filed so there's no reason for
12 you to file an answer at the time you're going to have the
13 motion set for hearing?
14      A.  That's what it says.
15      Q.  And you advise that you feel like you had a
16 fairly good -- fairly good chance of success or a fair
17 chance of success?
18      A.  That's what it says.
19      Q.  And that would have been your evaluation at the
20 time?
21      A.  It would have been.
22      (Plaintiff's Exhibit No. 8 marked for
23      identification.)
24      Q.  (By Mr. Wimsatt)  Look at the one marked as
25 Exhibit 8.

## Page 23

1       Review it for me and describe it for me, please.
2       A.  These are two e-mails on this exhibit. The first
3  is from me to an individual at CNA Insurance Company who
4  had requested copies of certain documents from me and asked
5  about who I had been retained by.
6       The second is an e-mail from me to Melissa Morin
7  at Travelers advising her of the communications that I had
8  with the individual at CNA.
9       Q.  Do you know how this individual received your
10 contact information? Do you recall?
11      A.  I have no idea, no.
12      Q.  It appears that this is a follow up to a phone
13 conversation that you had with Mr. Williams, is that
14 correct, or he made some kind of request to you?
15      A.  My -- my e-mail to him is a follow up to a
16 request he made.
17      Whether he made that in a phone call to me or to
18 my secretary or in some other manner, I don't recall.
19      Q.  You don't recall any specific -- well, you don't
20 -- so obviously you wouldn't recall what was discussed at
21 the time?
22      MR. TRAMONT: I'm -- I'm sorry.
23      A.  I have no recollection.
24      MR. TRAMONT: Excuse me. You're speaking a little
25 too fast --

## Page 24

1       MR. WIMSATT: Oh.
2       MR. TRAMONT: -- and/or softly.
3       MR. WIMSATT: I'm sorry.
4       COURT REPORTER: All three.
5       MR. TRAMONT: Can you just repeat the question
6  just so I can hear --
7       MR. WIMSATT: I just asked if he recalled what he
8  discussed with Mr. Williams and he said that he didn't
9  have any specific recollection of it
10      MR. TRAMONT: Okay.
11      MR. WIMSATT: We'll mark what I believe is now --
12      COURT REPORTER: 9. 9. He's got 8.
13      MR. WIMSATT: I'm sorry.
14      (Plaintiff's Exhibit No. 9 marked for
15      identification.)
16      Q.  (By Mr. Wimsatt)  And it appears this is an
17 August 4, 2009 e-mail from Melissa Morin to Susan Carpenter
18 and yourself and Mr. Cavo following up from her initial
19 retention and saying that she is attaching a retainer with
20 respect to the matter; is that correct?
21      A.  Well, it says that she doesn't recall whether she
22 previously sent one, and if she did, she apologizes because
23 she's sending a second one.
24      Q.  So at the very latest then August 4th, 2009 would
25 have been when you were retained by Travelers?

Page 25

1    A. We certainly would have been retained by that
2 date.
3    Q. And it appears that you already started to report
4 on the case to Ms. Morin; is that correct?
5    A. That's correct.
6    Q. And Ms. Morin certainly had knowledge that the
7 Kirkwood litigation was occurring?
8    A. I'm sorry. Could you repeat that?
9    Q. And Ms. Morin certainly had knowledge that the --
10 that lit- -- the Culbreath Isles v. Kirkwood litigation was
11 ongoing?
12    MR. TRAMONT: Object to the form.
13    A. It would certainly appear so.
14    MR. WIMSATT: Mark as Exhibit 10.
15    (Plaintiff's Exhibit No. 10 marked for
16    identification.)
17    Q. (By Mr. Wimsatt) And can you identify this for
18 the record?
19    A. That's like the -- that's the typical retainer
20 letter that Travelers would send to us.
21    This one is in connection with Culbreath Isles
22 Property Owners Association. It's dated August 4th, 2009.
23    Q. And so once again, by the latest August 4th, 2009
24 you would have been retained to represent Culbreath Isles
25 in the counterclaim filed by Ms. Kirkwood?

Page 26

1    A. Yeah. I believe I already said that. Certainly by
2 that time we had been retained. It may have been earlier
3 but certainly by that date.
4    Q. (By Mr. Wimsatt) I'll show you what we'll mark
5 as Exhibit 11.
6    (Plaintiff's Exhibit No. 11 marked for
7    identification.)
8    Q. (By Mr. Wimsatt) If you can take a minute and
9 review that for me.
10    A. Okay.
11    Q. Can you tell me what this letter is?
12    A. It's a letter from Travelers from Melissa Morin
13 to the Board of Directors of the Association.
14    Q. On the second page -- it's dated August 5th,
15 2009; is that correct?
16    A. That's the date that's on the letter, yes.
17    Q. On the second page, I think, one, two, three four
18 -- fifth paragraph down, it informs them that -- informs
19 Culbreath Isles that Travelers is retaining the firm of
20 Litchfield Cavo to represent the interests of the
21 Association and provides contact information for you; is
22 that correct?
23    A. It does.
24    Q. And do you recall if you had any input in the
25 drafting of this letter?

Page 27

1    A. I had no input in the drafting of this letter.
2    MR. WIMSATT: I'm going to mark as Exhibit 12.
3    (Plaintiff's Exhibit No. 12 marked for
4    identification.)
5    Q. (By Mr. Wimsatt) It appears this is a series of
6 two e-mails.
7    The first one is from you to Melissa Morin on
8 October 5th, 2009 about 11:55 a.m. advise that you're still
9 awaiting the Stipulation for the Substitution signed on
10 behalf of the Association. That you request the Assoc- --
11 written to the Association President requesting that the
12 Stipulation be signed and returned as soon as possible and
13 that once it is received, have the court sign an Order of
14 Substitution and set the hearing for a Motion to Dismiss;
15 is that correct?
16    A. That's what it says.
17    Q. And she seems to respond to it the same day at
18 5:37 p.m. asking that -- to advise when we can expect to
19 receive the Litigation Plan and Budget; is that correct?
20    A. It is.
21    Q. And do you recall if you created a litigation
22 plan and budget?
23    A. I have no specific recollection but I generally
24 would have.
25    Q. Okay. I'll show you Exhibit 13.

Page 28

1    (Plaintiff's Exhibit No. 13 marked for
2    identification.)
3    Q. (By Mr. Wimsatt) It appears this is a series of
4 two e-mails.
5    The first one from you to Melissa Morin, Tuesday,
6 October 6th, 2009 at 10:24 in the morning forwarding the
7 Litigation Plan and Budget; is that correct?
8    A. It is.
9    Q. And the second e-mail is from you to Melissa
10 Morin stating that you've received the -- or the
11 Association President has signed the Stipulation For
12 Substitution and put it in the mail for you. As soon as it
13 is received, you'll set the Motion to Dismiss; is that
14 correct?
15    A. That's what it says.
16    Q. And via the Litigation Plan and Budget Travel- --
17 Travelers controls the defense of the matter; is that
18 correct?
19    MR. TRAMONT: Object to the form.
20    A. I don't know if they control the defense of that
21 from the Litigation Plan.
22    The Litigation Plan is a document where I set out
23 the nature of the claim, my recommendations, my evaluation
24 and it includes a proposed Litigation Budget that I think
25 would be necessary to litigate the case.

Plaintiff, Culbreath Isles' Opposition to Defendant Travelers' MSJ_ Exhibit_13