UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CULBREATH ISLES PROPERTY
OWNERS ASSOCIATION, INC.,
ORLINE M. SIDMAN, AND
FLORIDA POLICYHOLDERS, LLC,

    Plaintiffs,

v.                                               Case Number: 8:12-cv-02928-RAL-EAJ

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

    Defendant.
_____/

## PRETRIAL STATEMENT

The parties, pursuant to the Case Management and Scheduling Order dated February 28, 2013 (DE 26), and Local Rule 3.06, hereby file their joint Pretrial Statement, and state:

1.     Basis of Federal Jurisdiction

        Diversity jurisdiction under 28 U.S.C. §1332(a)(1)

2.     Concise Statement of the Nature of the Action

        Plaintiffs seek damages for alleged breach of insurance contract

3a.    General Statement of Plaintiffs' Case

        Travelers Casualty and Surety Company of America (Travelers) issued claims made insurance policies to the non-profit homeowners' association, Culbreath Isles Property Owners Association, Inc. (Culbreath Isles). The Lewises and Phyllis Kirkwood (Kirkwood) were owners of real property located in a residential community known as Culbreath Isles. Culbreath Isles Property Owners Association, Inc. sued Kirkwood and the Lewises in separate state court actions seeking injunctions to compel the Lewises and Kirkwood to comply with certain restrictive covenants, and eventually seeking certification of a class comprised of every homeowner in the development. Culbreath Isles' action and claim for attorneys' fees were brought pursuant to §720.305, *Florida Statutes*. Kirkwood brought a counterclaim against Culbreath Isles for slander of title. The legal

1

issues in the Kirkwood and Lewis matters were substantively the same. Consequently, the Kirkwood and Lewis actions were eventually consolidated into one state court action.

Following consolidation of their actions, Kirkwood and Lewis both prevailed at a summary judgment hearing when the trial court held that the restrictive covenants, which formed the basis for Culbreath Isles' claims, were invalid. Culbreath Isles appealed this ruling, and Appellate briefs were filed. Counsel for Culbreath Isles, Francis Friscia, Esq. promptly informed Travelers the Court had determined both Kirkwood and the Lewises were prevailing parties. He further informed Travelers that Kirkwood and the Lewises <u>may</u> be entitled to attorneys' fees and costs, but the Court had not yet ruled on the issue of entitlement. Mr. Friscia also sought determination from Travelers as to whether there was coverage under the policy for any such awards. Shortly after the Summary Final Judgment was entered in favor of the Lewises and Kirkwood, their attorneys filed Motions to Tax Attorneys' Fees and Costs. Copies of these Motions were provided to Travelers from both Francis Friscia, Esq. and the attorney retained by Travelers to defend the Kirkwood counterclaim, Bennett Lofaro, Esq. The motions to tax attorneys' fees and costs were set for hearing before the trial court, and Travelers refused to attend to protect its insured.

On October 27, 2010, Travelers' claim counsel, Melissa Morin sent a letter to the Culbreath Isles Board of Directors disclaiming any coverage in the Lewis matter and directing the Board to take "whatever steps are appropriate to ensure that their interests are protected in this matter." Travelers subsequently denied coverage for the fees and costs claims in Kirkwood.

Culbreath Isles entered into a Joint Stipulation and Agreement with Kirkwood for her fees and costs. The trial court approved the settlement agreement and entered a Consent Final Judgment. Culbreath Isles assigned its right to seek coverage from Travelers for this judgment to Kirkwood and Buell & Elligett, P.A. Buell & Elligett, P.A. assigned its right to seek coverage from Travelers to Florida Policyholders, LLC.

With regard to the Lewis matter, a full evidentiary hearing was eventually held in the trial court, which awarded the Lewises fees and costs in the amount of $101,442.43. The court reserved jurisdiction to award the Lewises further fees and costs they had incurred, pending resolution of the appeal filed by Culbreath Isles. Faced with the prospect of ever increasing fees, and in an effort to mitigate its damages, Culbreath Isles entered into a Settlement Agreement with the Lewises. Pursuant to this Agreement, Culbreath Isles agreed to dismiss its appeal and pay the Lewises the additional $110,557.57 in fees and costs they had incurred, for a total liability of $212,417.00 (including interest due on the original judgment).

The policy issued by Travelers to Culbreath Isles provides coverage for the Kirkwood Consent Final Judgment and the Lewis Judgment and Settlement Agreement because they are "loss"[es] (judgments and settlement agreements for attorneys' fees and costs), incurred by the "insured" (Culbreath Isles) as the result of a "claim" (the written demands for monetary relief) first made during the "policy period" (February 20, 2009 to February 20, 2010) for a "wrongful act" (the filing of the lawsuits by Culbreath Isles against Kirkwood and the Lewises), as each of

these terms is defined by the Policy and are covered under the Non-Profit Change Endorsement of the Policy.

3b.     General Statement of Defendant's Case

Travelers issued a Non-Profit Management and Organization Liability Insurance Policy to Culbreath Isles, a homeowners association. The Policy is written, designed, and intended to provide coverage for the defense of the insured and any liability that results if this defense results in a loss. Culbreath unsuccessfully sued two of its homeowners, who were awarded prevailing party attorney's fees.

Plaintiffs seek indemnification of these fees. Under the Policy, there is no coverage for the defense fees incurred by the attorneys for the homeowners Culbreath unsuccessfully sued. First, based on a reasonable reading of the Policy, there is no coverage. Second, a holding that the Policy covers the defense fees at issue is incongruent with public policy and the parties' expectations, and is an absurd result.

Additionally, each fee claim is separately foreclosed for different reasons. Coverage is abrogated for the Kirkwood claim because the settlement setting the amount of the attorney's fees is unenforceable as a result of Kirkwood's counsel executing the agreement with Culbreath without being clearly, unequivocally, and demonstrably authorized to do so by Kirkwood (or her guardian). Coverage for the Lewis claim is likewise vitiated because a) Culbreath submitted the claim approximately nineteen months after it allegedly arose in violation of the Policy's notice provision; and b) because Culbreath made a misrepresentation on the renewal application for the relevant 2010-2011 policy period, which renders the Policy *void ab initio*.

Finally, the amount of fees allegedly due the Plaintiffs for the Kirkwood and Lewis claims is excessive. The amounts reflect rates and time spent that are not reasonable, and impermissibly apply multipliers. The true and fair value of services rendered to the defendants in the underlying action is well less than the amounts reflected in the settlements and final judgments.

4.      List of Trial Exhibits

See Plaintiff Culbreath Isles' Trial Exhibit List, attached hereto as Ex. 1, Plaintiff Sidman's and Florida Policyholders' Trial Exhibit List, attached hereto as Ex. 2, and Defendant's Trial Exhibit List, attached hereto as Ex. 3.

5.      List of Witnesses Who May Be Called at Trial

   a.   Saade Chibani
   b.   Scott Frick
   c.   Francis Friscia
   d.   Nancy Lewis
   e.   Richard Lewis

      f.     Bennett Lofaro
      g.     Joseph K. Lopez
      h.     Melissa Morin
      i.     Orline M. Sidman
      j.     Andrew V. Tramont
      k.     Mark Buell
      l.     Raymond T. Elligett, Jr.
      m.    Gavin Cartiera
      n.     Ejdana Curri
      o.     Gregory Curtin
      p.     Kevin Davis
      q.     Thomas Brink
      r.     Jim Cusack

6.    <u>List of Expert Witnesses</u>

    <u>Plaintiffs:</u>
    Not applicable.

    Defendant:
    a.     Gary Schaaf, Esq.  Mr. Schaaf will testify on the reasonableness of the attorney's fees allegedly incurred by the Lewises and Kirkwood in the underlying action. Mr. Schaaf will testify that the rates charged by the defendants' attorneys were excessive considering the issues presented in the case, the amount of time spent on the underlying action was unnecessarily great, and that an unwarranted multiplier was added in the case of the Kirkwood claim.

7.    <u>Statement of the Elements of Claims for Money Damages</u>

Culbreath Isles Property Owners Association, Inc. seeks damages in the amount of the Settlement Agreement entered into in the Lewis litigation, i.e. $212,417.00, plus interest, as well as attorneys' fees and costs incurred in bringing this action pursuant to §627.428, *Florida Statutes*.

Orline Sidman, on behalf of the estate of Phyllis Kirkwood, and Florida Policyholders seek damages in the amount of the Final Consent Judgment entered by the state court judge against Culbreath Isles, i.e. $295,000.00, plus interest, as well as attorney's fees and costs incurred in bringing this action pursuant to Florida Statute §627.428.

8.    <u>List of Depositions to be Offered in Evidence at Trial</u>

    <u>Plaintiffs:</u>
    a.     Melissa Morin, April 26, 2013:  entire transcript
    b.     Melissa Morin, June 18, 2013:  entire transcript

      Defendant:
- a. Melissa Morin
- b. Francis Friscia
- c. Saade Chibani
- d. Mark Buell
- e. Orline Sidman
- f. Joseph Lopez
- g. Bennett Lofaro

The entirety of each transcript is being designated at this time.

9. <u>Concise Statement of Facts Admitted and Require No Proof at Trial</u>

   1) Travelers Casualty and Surety Company of America (Travelers) issued claims made insurance policy number 104885282 to the non-profit homeowners' association, Culbreath Isles Property Owners Association, Inc., for policy periods from February 20, 2007 to February 20, 2010.

   2) Travelers required Culbreath to complete a renewal application for the 2010-2011 policy period, which Culbreath did.

   3) Travelers renewed policy number 104885282 for the policy period February 20, 2010 to February, 20, 2011.

   4) In the underlying case, Culbreath Isles sued Kirkwood, a homeowner, in state court.

   5) Culbreath Isles' action was brought pursuant to Section §720.305, Fla.Stat.

   6) Kirkwood is deceased (as of December, 24, 2012) and Sidman was substituted in this action as the personal representative of her estate on March 15, 2013.

   7) Kirkwood's answer sought fees and costs under Sections §720.305 and §57.105, Fla. Stat., dismissal of the action, and brought a counterclaim for slander of title.

   8) On July 16, 2009, Culbreath Isles' attorney sent a letter to its insurance agents stating: "The enclosed request for insurance information was received from an Attorney representing Ms. Phyllis Kirkwood in a lawsuit that the Association has filed against it. The Attorney is seeking information whether or not any insurance coverage would be provided to the Association for the claim for attorneys' fees that Ms. Kirkwood has made against the Association and the claim for damages under the counterclaim that has been filed. I enclose a copy of the Complaint, proposed Amended Complaint and the Answers and Counterclaim that are of record."

5

9) On July 23, 2009, Travelers' claim counsel, Melissa Morin, replied to Culbreath Isles' attorney, acknowledging receipt of his letter.

10) On July 24, 2009, Travelers' claim counsel, Melissa Morin, sent an e-mail to attorney for Kirkwood, Mark Buell, acknowledged receipt of the Complaint, proposed Amended Complaint and the Answer and Counterclaim, and attached the applicable insurance policy.

11) Travelers received notice of the Kirkwood claim for attorneys' fees against the insured association in 2009.

12) Travelers hired an attorney, Ben Lofaro, to defend the counterclaim filed by Kirkwood against Culbreath Isles, as acknowledged in Litchfield Cavo's July 24, 2009, e-mail to Melissa Morin and Melissa Morin's August 4, 2009, email and letter to Richard Cavo and Bennett Lofaro.

13) Travelers provided a reservation of rights letter to Culbreath with respect to the Kirkwood matter on August 5, 2009.

14) Travelers sent a letter responding to Kirkwood's attorney's request for policy information on August 14, 2009.

15) On October 8, 2009, the Kirkwood action was consolidated with another suit by Culbreath Isles against other homeowners, the Lewises.

16) On May 25, 2010, Kirkwood and the Lewises prevailed in a summary judgment hearing.

17) Partial Summary Final Judgment in favor of Defendant, Kirkwood was entered on June 11, 2010.

18) Culbreath Isles appealed the Partial Final Summary Judgment and appellate briefs were filed.

19) On June 22, 2010, Kirkwood filed a motion for attorneys' fees and costs.

20) Ben Lofaro, retained by Travelers to defend Culbreath against Kirkwood's counterclaim, attended the August 10, 2010 hearing on entitlement to fees and costs.

21) On August 25, 2010, Ben Lofaro informed Travelers' claim counsel, Melissa Morin, of the attorney hours and rates billed, that Buell & Elligett, P.A. would be seeking a multiplier of 2.5, and that fees at that point could be between $174,000 and $217,000.

22) On October 15, 2010, Ben Lofaro informed Travelers' claim counsel, Melissa Morin, that a full evidentiary hearing on the amount of attorney fees was scheduled, a hearing would be held for the parties to present evidence regarding the reasonable and necessary services performed by their attorneys and reasonable value of their services, that all parties intended to present expert testimony, and that motion practice was going on as to sufficiency of expert witnesses, disclosures by the parties, motions to strike expert witnesses, etc. Lofaro further stated Culbreath Isles had appealed the summary judgment ruling against it, that the appeal was being briefed by the parties, and noted that the ultimate outcome of the appeal would determine whether a fee award would be upheld.

23) On October 27, 2010, Travelers' claim counsel, Melissa Morin, sent a letter to the Culbreath Isles Board of Directors disclaiming coverage in the Lewis matter and directing the Board to take "whatever steps are appropriate to ensure that their interests are protected in this matter."

24) Travelers stated "...there is really no reason for Travelers to participate in the evidentiary portion of the fee hearing which will merely set the amount. I don't think Travelers plans on challenging the amount..." Travelers was not a party to the underlying action.

25) Travelers denied coverage for the fees and costs claims.

26) The Consent Final Judgment was entered for the amount of $295,000.

27) Buell & Elligett, P.A. assigned the rights it got from Culbreath to Florida Policyholders, LLC on February 6, 2013.

28) Florida Policyholders, LLC, is a Florida limited liability corporation.

29) Kirkwood's prayer for attorney's fees, made within Kirkwood's Answer to Complaint for Permanent Injunctive Relief and Declaratory Relief, was filed on April 7, 2009.

30) The Kirkwood matter was tendered to Travelers in 2009.

31) Travelers defended, and recently settled, the counterclaim for slander of title brought by Kirkwood against Culbreath Isles.

32) The Policy excludes bodily injury and property damage.

33) Culbreath Isles Property Owners Association, Inc. sued homeowners Phyllis Kirkwood ("Kirkwood") and Nancy and Richard Lewis ("the Lewises") in state court. Exhibit 5.[1]

34) Culbreath Isles' state court actions and claims for attorneys' fees were brought pursuant to § 720.305, *Florida Statutes*. Exhibit 5.

35) Kirkwood answered on April 7, 2009 and demanded 1) fees and costs under §§ 720.305 and 57.105, *Florida Statues*; 2) dismissal of the action; and 3) brought a counterclaim for slander of title. Exhibit 5.

36) The Lewises filed a Motion to Dismiss on December 12, 2008.

37) The Kirkwood and Lewis actions were substantively consolidated on October 8, 2009. Exhibit 3.

38) Travelers Casualty and Surety Company of America (Travelers) issued claims made insurance policy number 104885282 to the non-profit homeowners' association, Culbreath Isles Property Owners Association, Inc., for policy periods from February 20, 2007 to February 20, 2010. Exhibit 4.

39) Travelers' representative, Melissa Morin, received the July 16, 2009 letter from Francis Friscia, Esq. along with a copy of the Complaint, a proposed Amended Complaint and Kirkwood's Answer and Counterclaim. Exhibit 5; Exhibit 7.

40) Travelers received notice of the Kirkwood claim for attorneys' fees against the insured association. Exhibit 6; Exhibit 7.

41) Travelers hired attorney Bennett Lofaro, Esq. to defend the counterclaim filed by Kirkwood against Culbreath Isles by, at the latest, August 4, 2009. Exhibit 8.

42) Travelers provided a reservation of rights letter regarding the Kirkwood matter to its insured, Culbreath Isles, on August 5, 2009. Exhibits 9.

43) On May 25, 2010, the state court entered an Order granting the summary judgment motions filed by Kirkwood and the Lewises.

44) On June 11, 2010, the state court entered the Partial Summary Final Judgment in favor of Kirkwood.

45) On June 11, 2010, the state court entered the Summary Final Judgment in favor of the Lewises. Exhibit 11.

---

[1] **All citations to Exhibits are to the Exhibits attached to Plaintiff's Motion for Summary Judgment.**

8

46) Culbreath Isles appealed the entry of Summary Judgment in both the Lewis and Kirkwood actions, and appellate briefs were filed.

47) Counsel for Culbreath Isles, Frank Friscia, informed Travelers the Court had determined both Kirkwood and the Lewises were prevailing parties and further informed Travelers that Kirkwood and the Lewises may be entitled to attorneys' fees and costs, but the Court had not yet ruled on the issue of entitlement. In the same letter, he sought determination from Travelers as to whether there was coverage under the policy for any such awards. Exhibit 12.

48) On June 23, 2010, after the Summary Final Judgment was entered in favor of the Lewises, their attorney filed a Motion to Tax Attorneys' Fees and Costs. Exhibit 14.

49) On August 11, 2010, Judge Baumann entered an order granting the Lewises' motion as to entitlement to collect attorneys' fees and costs from Culbreath Isles.

50) Bennett Lofaro, Esq. informed Travelers a full evidentiary hearing was scheduled for the parties to present evidence regarding the reasonable and necessary services performed by their attorneys and reasonable value of their services, that all parties intended to present expert testimony, and that motion practice was going on as to the sufficiency of expert witnesses, disclosures by the parties, motions to strike expert witnesses, etc. Exhibit 51.

51) Bennett Lofaro, Esq. also informed Morin that its insured had appealed the summary judgment rulings against it, that the appeals were being briefed by the parties, and noted the ultimate outcome of the appeal would determine whether a fee award would be upheld. Exhibit 51.

52) On October 27, 2010, Morin sent a letter to the Culbreath Isles Board of Directors disclaiming any coverage in the Lewis matter and directing the Board to take "whatever steps are appropriate to ensure that their interests are protected in this matter." Exhibit 21.

53) On November 17, 2010, Travelers stated "…there is really no reason for Travelers to participate in the evidentiary portion of the fee hearing which will merely set the amount. I don't think Travelers plans on challenging the amount…" Exhibit 2.

54) The trial court entered a Consent Final Judgment on December 28, 2010 in the Kirkwood matter. Exhibit 24.

55) Culbreath Isles entered into a Settlement Agreement with the Lewises, pursuant to which Culbreath Isles agreed to dismiss its appeal and pay the Lewises an additional $110,557.57 in fees and costs, for a total liability of $212,417.00 (including interest due on the original judgment). Exhibit 26.

56) Travelers defended the counterclaim filed by Kirkwood against Culbreath Isles in the underlying action. Exhibit 8.

57) Travelers settled the counterclaim filed by Kirkwood against Culbreath Isles in the underlying action.

58) As a result of the Kirkwood and Lewis actions, Travelers did not renew the policy of insurance with Culbreath Isles after the 2010-2011 policy period.

59) Travelers issued a policy of insurance to Culbreath.

60) On October 16 and 20, 2008, Culbreath sued Kirkwood and the Lewises in state court. These actions were eventually consolidated on October 8, 2009.

61) Culbreath sued these parties under Fla. Stat. § 720.305, alleging that the condition of Kirkwood's and the Lewises respective properties violated Culbreath's restrictive covenants.

62) Kirkwood was represented by the law firm of Buell & Elligett, P.A.

63) In her Answer to Culbreath's Complaint, Kirkwood demanded, pursuant to Fla. Stat. § 720.35 and Fla. Stat. § 57.105, the attorney's fees she would incur in defending the action and asserted a counterclaim against Culbreath.

64) In the other action, the Lewises moved to dismiss on December 12, 2008, and in the motion they asked the court to award them their fees.

65) In February 2010, on a policy renewal application, Culbreath was asked to disclose any Claims it had pending against it. Culbreath did not disclose the Lewis or Kirkwood matters when specifically prompted on its application, dated February 5, 2010.

66) Saade Chibani, who signed the application, was aware of the Lewis and Kirkwood matters when he signed.

67) On June 11, 2010, the state court entered summary judgments in favor of Kirkwood and the Lewises on Culbreath's claims. Culbreath appealed these summary judgment rulings on June 25, 2010.

68)   On June 23, 2010, Kirkwood and the Lewises filed their respective motions to tax fees and costs.

69)   On March 3, 2011, Kirkwood, through Sidman, filed a Third Party Complaint against Travelers. On March 11, 2011, Culbreath filed its own Supplemental Third Party Complaint against Travelers.

70)   Travelers moved to dismiss both Sidman's and Culbreath's third party actions, but these motions were denied. Travelers appealed to Florida's Second District Court of Appeal, which eventually reversed.

71)   After the 2nd DCA's ruling, Culbreath and Kirkwood sued Travelers in state court, and Travelers removed the action to this Court.

10. <u>Concise Statement of Applicable Principles of Law on Which There is Agreement</u>

The substantive law and public policy of the state of Florida will apply to this cause of action.

11. <u>Concise Statement of Those Issues of Fact Which Remain to be Litigated</u>

Plaintiffs do not believe there are material issues of fact which remain to be litigated, and that summary judgment is appropriate because this case can be decided as a matter of law.

Defendants submit the following facts which were not admitted by Plaintiffs and thus remain to be litigated:

1.   At Culbreath's request, Travelers retained Litchfield Cavo, LLP to defend Culbreath against the counterclaim.

2.   On an application for insurance the next year (2011), Chibani answered substantively the same question in the affirmative, disclosing the pending lawsuit.

3.   Had Culbreath disclosed the Lewis and Kirkwood claims on the renewal application, Travelers either would not have re-issued the policy to Culbreath or would have expressly excluded the claims from coverage.

4.   On July 20, 2010, Culbreath wrote to Melissa Morin at Travelers, requesting coverage for the Lewis and Kirkwood fees. Ms. Morin replied on August 5 that prevailing party fees were not covered by the Policy.

5.   On August 11, 2010, in a letter to Culbreath's counsel, Kirkwood's counsel represented that its client had incurred fees of $87,357.50 through July 20, 2010 and that it would seek "a multiplier of approximately 2 to 2.5 consistent with Florida law."

11

6. The same day, the state court entered an order granting Kirkwood's and the Lewises motions to collect attorney's fees and costs from Culbreath, reserving jurisdiction to determine the amounts to be awarded.

7. Sometime prior to December, 2010, Kirkwood suffered a debilitating stroke, which left her completely incapacitated and unable to respond to her surroundings.

8. Sidman subsequently filed a guardianship petition with the Hillsborough County Probate Court, which the court granted on February 17, 2011.

9. On December 23, 2010, following Ms. Kirkwood's stroke, when she was unable to communicate with anyone and before any guardian had been appointed, her lawyer, Mark Buell, signed off on a "Joint Stipulation and Agreement."

10. Mr. Buell represented to the state court, at paragraph 11 of the stipulation, that he was "expressly authorized and instructed" by Kirkwood to enter into the agreement, after she had been "fully advised of the legal effect of [the stipulation]." The Stipulation did not disclose Kirkwood's incapacity.

11. Pursuant to the settlement, Culbreath agreed to a judgment in the amount of $295,000 "in favor of…Kirkwood…payable to Buell & Elligett, P.A."

12. On December 27, 2010, Buell & Elligett delivered both the Stipulation and the proposed Consent Final Judgment to the state court judge and asked him to enter the judgment. No hearing was held and two days later, the judge entered the Consent Final Judgment.

13. On December 28, 2010 Culbreath assigned to Kirkwood and/or Buell & Elligett "the proceeds from any and all actions, causes of action, or rights it has against any person or entity, including… Travelers." This assignment was amended on January 28, 2013, removing the reference to the "proceeds."

14. Contemporaneous with the settlement, Culbreath executed a promissory note whereby Culbreath pledged to pay Kirkwood or Buell & Elligett up to $50,000 plus interest depending on how much the Kirkwood recovered from Travelers pursuant to the assignment of Culbreath's claim for attorney's fees and costs in the underlying action. Mark Buell of Buell & Elligett signed the promissory note on behalf of the firm and the incapacitated Kirkwood.

15. On February 21, 2011, Culbreath and the Lewises executed a settlement agreement that awarded the Lewises $110,557.57 in attorney's fees and costs.

12

16. In the instant case, Travelers moved to dismiss Sidman's claim because of her failure to join a necessary party, Buell & Elligett. This motion was denied.

17. Subsequently, two principals of Buell & Elligett formed FP, whose business is "to sue insurance companies when they wrongfully deny benefits such as this case." The only insurer FP has ever sued is Travelers in the instant action.

18. On January 25, 2013, Buell & Elligett transferred its purported interest in the claim against Travelers to FP. This assignment was amended on February 6, 2013 to reflect the changes in the original assignment to Buell & Elligett.

19. FP became a Plaintiff in this case while Buell & Elligett continued to represent Sidman.

20. On December 24, 2012, Kirkwood died and left no heirs. The only surviving beneficiary under her will was the Humane Society of the United States, as the only other named beneficiaries, R.G. Kirkwood (her father) and Rose M. Kirkwood (her mother), predeceased her.

21. On February 16, 2012, after Kirkwood's stroke but before her death, Tampa General Hospital ("TGH") filed a civil action in state court against Sidman (as Kirkwood's guardian) to recover costs due the hospital in connection with Kirkwood's hospitalization.

22. TGH demanded approximately $1,256,225.00 in healthcare expenses allegedly due. Kirkwood (through Sidman) was represented by Buell & Elligett in this collection action.

23. TGH's action against Sidman/Kirkwood settled on January 16, 2013, and a motion was filed to approve the settlement with the Probate Court in Kirkwood's guardianship case.

24. The settlement agreement called for Kirkwood to pay the hospital the sum of $100,000 in full satisfaction of the approximately $1.2 Million debt. The settlement agreement and mutual general release executed by Sidman contained a listing of Kirkwood's assets, but did not list as an asset the pending claim for $295,000 against Travelers, nor did it make any mention of Kirkwood's purported interest in this action against Travelers.

25. The settlement was approved by the Probate Court in the guardianship action on February 6, 2013.

26. On March 21, 2013, the Probate Court appointed Sidman as personal representative of Sidman's estate.

27. On June 13, 2013, Buell & Elligett filed a claim in the probate court action against Kirkwood's estate. The firm sought $9,049.50 for services rendered in the "TGH v. Sidman/Kirkwood" matter.

28. Buell & Elligett never filed a claim against Kirkwood's estate for any portion of the $295,000 in fees it allegedly was entitled to as a result of its defense of Ms. Kirkwood in the Culbreath matter.

12. Concise Statement of Those Issues of Law Which Remain for Determination by the Court

Plaintiffs:

a. Whether the claims made insurance policy number 104885282 issued by Travelers Casualty and Surety Company of America (Travelers) to the non-profit homeowners' association, Culbreath Isles Property Owners Association, Inc., provides coverage for the Final Consent Judgment entered against Culbreath Isles and in favor of Kirkwood by the state court on December 29, 2010.

b. Whether Travelers has standing to attack the enforceability of the Joint Stipulation and Agreement between Kirkwood and Culbreath Isles.

c. Whether the claims made insurance policy number 104885282 issued by Travelers Casualty and Surety Company of America (Travelers) to the non-profit homeowners' association, Culbreath Isles Property Owners Association, Inc., provides coverage for the Final Judgment entered against Culbreath Isles and in favor of the Lewis Defendants by the state court on January 24, 2011, and the Settlement Agreement between Culbreath Isles and Nancy and Richard Lewis dated February 22, 2011.

d. Whether Travelers complied with the Florida Claims Administration Statute.

e. Whether Travelers has waived any right to challenge coverage, the reasonableness of the damages claimed, the right to challenge the adequacy of any response to a question on any renewal application, and all other issues raised in the Complaint and affirmative defenses.

Defendant:

a. The interpretation of the Policy and its application to the facts (i.e., coverage).

b. Whether the Kirkwood settlement is valid and enforceable.

c. Whether Culbreath's tender of the Lewis claim complied with the notice provision of the Policy, and the effect of same on coverage.

      d.      Whether, and to what extent, the Claims Administration Statute applies to Travelers' handling of the underlying action and the fee claims at issue.

      e.      Whether Culbreath's misrepresentations on 2010 the renewal application vitiate coverage?

      f.      Whether the assignment from Culbreath to Kirkwood and Buell & Elligett assigned the right to proceed against Travelers or only the right to "the proceeds" of any claim against Travelers.

      g.      Whether Sidman has a concrete interest in this case sufficient to give her standing to proceed against Travelers.

13. **Concise Statement of Any Disagreement as to the Application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure**

   None.

14. **List of All Motions of Other Matters Which Require Action by the Court**

   a. Plaintiff Culbreath Isles Property Owners Association, Inc.'s Motion for Summary Judgment

   b. Plaintiff Orline M. Sidman's Motion for Summary Judgment

   c. Plaintiff Florida Policyholders, LLC Motion for Summary Judgment

   d. Defendant Travelers Casualty and Surety Company of America's Motion for Summary Judgment

          Date: November 4, 2013

          */s/ Ronald E. Bush*
          RONALD E. BUSH, ESQ.
          Florida Bar No. 443964
          JAMES J. WIMSATT, ESQ.
          Florida Bar No. 068014
          BUSH GRAZIANO RICE & PLATTER, P.A.
          P.O. Box 3423
          Tampa, Florida  33601-3423
          Tel: (813) 228-7000
          Fax: (813) 273-0091
          Attorneys for Plaintiff Culbreath Isles Property Owners Association, Inc.

*/s/ Mark P. Buell*
MARK P. BUELL, ESQ.
Florida Bar No. 217603
RAYMOND T. ELLIGETT, ESQ.
Florida Bar No. 261939
SHIRLEY T. FAIRCLOTH, ESQ.
Florida Bar No. 850128
BUELL & ELLIGETT, P.A.
3003 W. Azeele Street, Suite 100
Tampa, Florida  33609
Tel: (813) 874-2600
Fax: (813) 874-1760
Attorneys for Plaintiff Orline M. Sidman

*/s/ George A. Vaka*
GEORGE A. VAKA, ESQ.
Florida Bar No. 374016
JOHN R. SIERRA, III, ESQ.
Florida Bar No. 91651
VAKA LAW GROUP, P.L.
777 S. Harbour Island Blvd., Suite 300
Tampa, Florida  33602
Tel:  (813) 549-1799
Fax:  (813) 549-1790
Attorneys for Florida Policyholders, LLC

*/s/ Andrew V. Tramont*
ANDREW V. TRAMONT, ESQ.
Florida Bar No. 322830
BRADLEY B. ASERLIND, ESQ.
Florida Bar No. 101623
RODRIGUEZ TRAMONT GUERRA &
NUNEZ, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida  33134
Tel: (305) 350-2300
Fax: (305) 350-2525
Attorneys for Defendant Travelers Casualty and
Surety Company of America